# Exhibit A

CL23000087-00
WD
WD

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF ARLINGTON

CASE NO. _____

Jonathan Kastenbaum, Administrator of the Estate
of ANDI SYIFA KAMILA, deceased,

    Plaintiff,

v.

THE BOEING COMPANY,
Serve:    Corporation Service Company, Registered Agent
        100 Shockoe Slip, Fl. 2
        Richmond, Virginia 23219-4100

RECEIVED 2023 JAN -6 AM 10:33 PAUL FERGUSON, CLERK ARLINGTON CIRCUIT COURT

## COMPLAINT

Plaintiff, Jonathan Kastenbaum, Administrator of the Estate of ANDI SYIFA KAMILA, deceased, files this Complaint against defendant The Boeing Company, and states as follows:

1. This case arises from an aircraft accident on January 9, 2021.

2. On January 9, 2021, a Boeing 737-500 aircraft with registration PK-CLC (the "subject aircraft") was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta, Indonesia to Pontianak, Indonesia ("the subject flight").

3. Shortly after takeoff, the subject flight experienced an upset and crashed in the Java Sea.

4. As of the date of filing of this action, all 62 occupants of the aircraft—50 passengers and 12 crew members—are presumed or confirmed dead.

5. Plaintiff's decedent, ANDI SYIFA KAMILA, was a passenger on the subject aircraft during the subject flight.

## THE PARTIES

6. Plaintiff repeats and realleges the prior allegations of this Complaint.

7. The decedent, ANDI SYIFA KAMILA, was a citizen and resident of Indonesia.

8. The Plaintiff Jonathan Kastenbaum, Administrator of the Estate of ANDI SYIFA KAMILA, Deceased, is a citizen and resident of the Commonwealth of Virginia.

9. Pursuant to Virginia Code Section 64.2-454, Jonathan Kastenbaum qualified as administrator of the Estate of ANDI SYIFA KAMILA, Deceased, in the Circuit Court for the City of Richmond on January 3, 2023.

10. The Defendant, The Boeing Company (also referred to as "Boeing" or "The Defendant"), is a Delaware corporation that is domiciled in, is a resident of, and has its principal place of business in Arlington County, Virginia.

11. The Boeing Company has a registered agent in Richmond City, Virginia.

12. At all relevant times, Boeing was engaged in the business of designing, manufacturing, integrating, assembling, modifying, maintaining, inspecting, testing, servicing, marketing, and distributing aircrafts and their component parts, including the subject aircraft.

## JURISDICTION AND VENUE

13. Plaintiff repeats and realleges the prior allegations of this Complaint.

14. The Boeing Company is subject to jurisdiction in Virginia because it is a citizen and resident of the Commonwealth of Virginia.

15. Venue is proper in this Court pursuant to Virginia Code Section 8.01-262 because the Defendant's principal office is in Arlington County, Virginia.

16. In addition, and/or in the alternative, venue is proper in the Circuit Court for the City of Richmond pursuant to Virginia Code Section 8.01-262 because the Defendant has a

2

registered agent and has appointed an agent to receive process in the City of Richmond, Virginia.

17. In addition, and/or in the alternative, venue is proper in Arlington County because the Defendant regularly conducts substantial business activity in that jurisdiction.

18. In addition, and/or in the alternative, venue is proper in Arlington County because that jurisdiction has a practical nexus to this litigation including but not limited to the location of fact witnesses, plaintiff, or other evidence to this action.

19. At all relevant times, the Defendant had its principal place of business in Washington State.

20. Accordingly, the substantive law of Washington State applies to this action pursuant to the doctrine of *lex loci delicti*.

## GENERAL ALLEGATIONS

21. Plaintiff repeats and realleges the prior allegations of this Complaint.

22. Sriwijaya Air Flight SJ 182 was a Boeing 737-500 aircraft.

23. Boeing designed, manufactured, assembled, and sold the subject aircraft.

24. After the manufacture, sale, and delivery of the aircraft, Boeing continued to provide airlines services related to the aircraft and other 737-500 aircraft, including instructions and guidance for the safe operation and maintenance of the aircraft.

25. Among other things, Boeing drafted, published, and provided Sriwijaya Airlines with instructions and manuals for the maintenance and operation of the subject aircraft.

26. Among other things, Boeing drafted, published, and provided Sriwijaya Airlines with instructions and manuals for the training of aircraft flight crews.

27. Additionally, Boeing provided after-sale service, instruction and advice for the maintenance and operation of the subject aircraft and the training of aircraft flight crews.

28. On January 9, 2021, Sriwijaya Air Flight SJ 182 took off from Soekarno-Hatta International Airport in Jakarta.

29. At that time and place, there were 50 passengers on board—43 adults and seven children—as well as 12 crew members.

30. As the subject aircraft was ascending, just minutes after takeoff, the lever on the left engine throttle moved back, reducing thrust in the left engine.

31. At that time and place, the right-side lever did not move back.

32. Upon information and belief, this was due to a failure of the subject aircraft's autothrottle system.

33. At that time and place, the aircraft experienced an asymmetrical and unequal thrust between the right and left engines.

34. Upon information and belief, this condition remained throughout the short duration of the subject flight.

35. Upon information and belief, after the subject aircraft reached an altitude of over 10,000 feet, the aircraft's autopilot system turned off.

36. Upon information and belief, the aircraft's autopilot system turning off resulted in the plane making a sharp roll to the left and losing control.

37. Just four minutes after leaving Jakarta, the subject aircraft lost contact with ground control.

38. Data recovered after the accident showed that the aircraft descended about 10,900 feet in twenty-two seconds before crashing.

39. Descending 10,900 feet in twenty-two seconds is many multiples of a normal and controlled rate of descent.

40. Preliminary data from investigations of the crash suggests that the aircraft's autopilot systems masked the aircraft's asymmetrical thrust for a period of time, until it suddenly disengaged.



41. Flight SJ 182 was not the first Boeing aircraft to experience issues with the automatic throttle computer or problems involving asymmetrical thrust.

42. In 2001, the U.S. Federal Aviation Administration ordered operators of the 737-500 aircraft to replace the automatic throttle computer after reports of unequal thrust.

43. In 2007, in separate incidents, two Boeing 737-500s experienced unintended and unexpected shutdowns of their auto-throttle systems.

44. Fortunately, the pilots in the aforementioned incidents from 2007 were able to control the aircrafts and avoid injury.

45. In 2009, a Boeing 737-800 experienced a malfunction with its auto-throttle system, causing it to stall and crash on its approach to Amsterdam.

46. The 2009 airplane crash killed nine occupants and injured 120 others.

5

47. In 2013, a Boeing 777 crashed on approach to San Francisco, as a result of a failure of the auto-throttle system to maintain sufficient speed.

48. The 2013 airplane crash, of Asiana Airlines flight OZ 214, resulted in three deaths and dozens of injuries.

## COUNT I: STRICT PRODUCTS LIABILITY

49. Plaintiff repeats and realleges the prior allegations of this Complaint.

50. At all relevant times, Boeing was the designer, manufacturer, distributor, and/or seller of Boeing 737 aircraft including the subject aircraft.

51. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

52. At the time of the accident on January 9, 2021, the subject aircraft was being used for its intended purpose—transporting passengers and crew in a commercial flight—and in a manner reasonably foreseeable to Boeing.

53. At all times material, Boeing—as manufacturer, designer, and marketer of the subject aircraft—had a duty to ensure that the aircraft was reasonably safe.

54. At the time the subject aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous, including but not limited to in one or more of the following respects:

    (a) the autothrottle was subject to failure,

  (b) the autothrottle was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and loss of control, and/or

  (c) the subject aircraft and/or its attendant instructions and manuals did not provide any warnings of these unreasonably dangerous and defective conditions, did not provide adequate instructions and advice as to the maintenance of the subject aircraft, did not provide adequate instructions and advice as to recovery of the aircraft in the event of an upset, and/or were otherwise inadequate.

55. The dangerous and defective conditions of the subject aircraft caused the subject accident, and directly and proximately caused injury to Plaintiff's decedent.

56. Plaintiff's decedent left surviving heirs and beneficiaries for whose benefit this action is brought.

57. The decedent's estate, heirs, and beneficiaries suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of Plaintiff's decedent.

58. Had Plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such has survived her.

59. As a direct and proximate result of the defects and unreasonably dangerous conditions of the subject aircraft, and the consequent death of Plaintiffs' decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law,

including but not limited to for all non-economic general damages; for all economic damages and property losses; for the conscious and physical pain, suffering, terror and anguish of Plaintiff's decedent; for past and future loss of support and services in money and in kind; damages for past and future loss of consortium, love, companionship and care; for past and future grief, emotional distress, and sorrow; for past and future medical expenses; damages for funeral expenses, burial expenses, estate administration expenses, and other related expenses; for pre- and post-judgment interest on all damages as allowed by law; for all costs of suit incurred herein; and for such other and further relief as may be available under law and as the court may deem just and proper.

## COUNT II: NEGLIGENCE

60. Plaintiff repeats and realleges the prior allegations of this Complaint.

61. At all relevant times, Boeing was the designer, manufacturer, distributor and/or seller of Boeing 737 aircraft including the subject aircraft.

62. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

63. At all times relevant hereto, Defendant Boeing owed a duty to Plaintiff and Plaintiff's decedent to exercise reasonable care in the design, manufacture, assembly, and sale of the subject aircraft, so as not to cause death or injury to Plaintiff's decedent.

64. At all times relevant times, Defendant Boeing owed a duty to Plaintiff and Plaintiff's decedent in preparing, publishing, and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the subject aircraft and training of its pilots, so as not to cause death or injury to Plaintiff's decedent.

8

65. Defendant Boeing negligently breached the duty of care it owed to Plaintiff and Plaintiff's decedent, including but not limited to in one or more of the following ways:

(a) negligently designing, manufacturing, assembling, and selling the subject aircraft such that the autothrottle system was subject to failure,

(b) negligently designing, manufacturing, assembling, and selling the subject aircraft such that it was subject to inadvertent asymmetrical thrust,

(c) negligently failing to warn of these defective and unreasonably dangerous conditions, and

(d) negligently preparing and providing manuals and instructions which did not provide any or provided inadequate, instructions and advice as to the maintenance and operation of the subject aircraft so as to prevent failures of the autothrottle, asymmetrical thrust, and/or other dangerous conditions and flight scenarios.

66. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the subject aircraft crashed, killing all occupants aboard including Plaintiff's decedent.

67. Had Plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such action has survived her.

68. As a direct and proximate result of Boeing's negligence, and the consequent death of Plaintiff's decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law, including but not limited to for all non-economic general damages;

9

for all economic damages and property losses; for the conscious and physical pain, suffering, terror and anguish of Plaintiff's decedent; for past and future loss of support and services in money and in kind; damages for past and future loss of consortium, love, companionship and care; for past and future grief, emotional distress, and sorrow; for past and future medical expenses; damages for funeral expenses, burial expenses, estate administration expenses, and other related expenses; for pre- and post-judgment interest on all damages as allowed by law; for all costs of suit incurred herein; and for such other and further relief as may be available under law and as the court may deem just and proper.

## COUNT III: BREACH OF WARRANTY

69. Plaintiff repeats and realleges the prior allegations of this Complaint.

70. At all relevant times, Boeing was the designer, manufacturer, distributor and/or seller of Boeing 737 aircraft including the subject aircraft.

71. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

72. Prior to the subject flight, Boeing expressly warranted and represented that the subject aircraft, including its component parts and instruments, and in conjunctions with instructions issued by Boeing, was airworthy, of merchantable quality, and fit and safe for the purpose of commercial air travel for which it was designed, intended, and used.

73. Prior to the subject flight, Boeing impliedly warranted and represented that the subject aircraft, including its component parts and instruments, and in conjunctions with instructions issued by Boeing, was airworthy, of merchantable quality, and fit and safe for the purpose of commercial air travel for which it was designed, intended, and used.

74. Boeing breached said warranties in that the subject airplane was not airworthy, of merchantable quality, or fit and safe for the purposes for which it was designed, intended, and used, and free from all defects as set forth above.

75. Plaintiff's decedent, as a passenger on flight SJ 182, was an intended third-party beneficiary of Boeing's warranties that the subject aircraft was airworthy, of merchantable quality, both fit and safe for the purposes for which it was designed, intended, and used, and free from all defects.

76. Plaintiff's decedent reasonably relied on these warranties to her detriment.

77. Had Plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such action has survived her.

78. As a direct and proximate result of Boeing's breach of warranty, and the consequent death of Plaintiff's decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law, including but not limited to for all non-economic general damages; for all economic damages and property losses, for the conscious and physical pain, suffering, terror and anguish of Plaintiff's decedent; for past and future loss of support and services in money and in kind; damages for past and future loss of consortium, love, companionship and care; for past and future grief, emotional distress, and sorrow; for past and future medical expenses; damages for funeral expenses, burial expenses, estate administration expenses, and other related expenses; for pre- and post-judgment interest on all damages as allowed by law; for all costs of suit incurred herein; and for such other and further relief as may be available under law and as the court may deem just and proper.

WHEREFORE, Jonathan Kastenbaum, Administrator of the Estate of ANDI SYIFA KAMILA, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against Defendant The Boeing Company in the amount of EIGHTY MILLION DOLLARS ($80,000,000.00) in compensatory damages, plus pre-judgment and post-judgment interest and costs, and for other damages as may be allowed by law.

TRIAL BY JURY IS DEMANDED.

Dated: January 5, 2023

JONATHAN KASTENBAUM, ADMINISTRATOR OF THE ESTATE OF ANDI SYIFA KAMILA, DECEASED

By Counsel: *[signature]*

ASHLEY T. DAVIS, ESQ. (VSB No. 68078)
DERRICK L. WALKER, ESQ. (VSB No. 46490)
Allen, Allen, Allen & Allen, P.C.
1809 Staples Mill Road
Post Office Box 6855
Richmond, Virginia 23230
Phone/E-Fax (Ms. Davis): (804) 257-7526
Phone/E-Fax (Mr. Walker): (804) 257-7514
ashley.davis@allenandallen.com
derrick.walker@allenandallen.com

Steven C. Marks, Esq. (to be admitted *pro hac vice*)
FL Bar No. 516414
Pablo Rojas, Esq. (to be admitted *pro hac vice*)
FL Bar No. 1022427
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, FL 33131
Phone: (305) 358-2800
smarks@podhurst.com
projas@podhurst.com

***Attorneys for Plaintiff***